UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM DAVID MULLINS**                                                               **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 3:07-CV-P138-C

**DAVID OSBORNE**                                                               **DEFENDANT**

## OPINION AND ORDER

The plaintiff, William David Mullins, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The plaintiff states in his complaint that on December 22, 2005, he was transferred from the Kenton County Detention Center to the Daviess County Detention Center (DCDC). In late February or early March 2006, an inmate named Marcus Wimberly was placed into the plaintiff's cell in the controlled-intake area of DCDC. The plaintiff was unaware at that time that Wimberly had just been moved from Disciplinary Segregation due to violence. On or about March 17, 2006, a DCDC employee entered the plaintiff's cell and notified him that he was being moved to a lower-security area. The employee did so in such a way that the other inmates heard this information. As the plaintiff gathered his belongings, the DCDC employee left the cell and went to an area of the facility where he could not see or hear what was happening in the plaintiff's cell. No other DCDC employees were supervising the area of the plaintiff's cell, and there was no video surveillance

equipment.

Wimberly then confronted the plaintiff, telling him that he was going to take his possessions and that the plaintiff owed him $10 because Wimberly had had his cousin place $10 in the plaintiff's account. The plaintiff tried to call a DCDC employee for assistance, to no avail, and Wimberly eventually assaulted the plaintiff despite the plaintiff's attempts to avoid him. The plaintiff's jaw was broken during Wimberly's attack. He also lost two teeth.

After ten or twenty minutes, DCDC employees returned and placed the plaintiff in a holding cell for several hours. Although the plaintiff requested medical attention, he was told that nothing was wrong and that, because he could speak, his jaw was not broken. After five to six hours, a DCDC employee who was also an EMT examined the plaintiff and stated that his jaw was noticeably broken. The next morning, the plaintiff was taken to Urgent Care, where x-rays were taken and pain medication was prescribed. However, he did not get the medication for several days, and then he received it only on an intermittent basis. The plaintiff made several requests and grievances concerning his jaw, to no avail. The following week, he underwent surgery, after which his jaw was wired shut for eight weeks.

As time passed, the plaintiff discovered from employees and inmates that Wimberly had injured other people. The plaintiff filed a grievance that DCDC had failed to protect him from Wimberly and had failed to have adequate staff to

supervise the inmates. When the wires were removed from his jaw, the plaintiff told DCDC medical staff that he required further treatment. The plaintiff was told that a medical appointment would be set up for him. However, he was released on parole in early May and did not receive a response to his grievance before then. Immediately after release, the plaintiff was seen by a doctor, who told him that his jaw required additional surgery. When the plaintiff told Osborne of this fact, Osborne replied that, because the plaintiff was no longer housed at DCDC, the surgery was not DCDC's responsibility. In June, the plaintiff had additional surgery and is personally responsible for over $25,000 in costs. He began to contact DCDC in October 2006 to resolve the situation and attempted to obtain the incident reports for the assault and for Wimberly's other violent acts. DCDC, with the knowledge of Osborne, has refused to provide these records. He appealed DCDC's actions to the Kentucky Attorney General.

The plaintiff alleges that his Eighth Amendment right to be protected from deliberate indifference to his safety and protection were violated. He requests compensation for all medical expenses incurred, as well as compensatory damages of $50,000.

The court notes that the plaintiff failed to indicate in which capacity he sued the defendant, Osborne. Because the plaintiff references Osborne in the context of Osborne's official position, the claim will be construed as one brought against Osborne in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769,

772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in complaint, court looks to course of proceedings to determine whether Sixth Circuit's concern about notice to defendant has been satisfied (citing *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989)).  The plaintiff's official capacity claims against Osborne are merely another way of pleading an action against Daviess County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

On review of the complaint, the court will direct service of the complaint on the defendant.  **WHEREFORE, IT IS ORDERED** as follows:

(1) The Clerk of Court shall issue summons and cause a copy of the complaint (DN 1) and summons to be served on the defendant, by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(c)(2).  A copy of the complaint and this order also shall be mailed to the **Daviess County Attorney**.

(2) The answer to the complaint shall be filed no later than **20 days** after service of summons.

(3) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded**

4

by the Court.

(4)    The parties shall complete all pretrial discovery herein no later than **January 10, 2008.** As a requirement of discovery, the defendant's counsel shall produce to the plaintiff all records or documentation which are relevant to the claims set forth in this complaint. Counsel shall certify that the production is complete. Within the same time, the plaintiff shall provide counsel for the defendant any records or documentation relevant to his claims. He shall certify that production is complete. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d), which provides in pertinent part:

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but . . . the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

(5)    No later than **February 11, 2008**, the plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claims in this matter against the defendant.

(6)    No later than **March 10, 2008**, the defendant shall file a pretrial memorandum. Instead of that memorandum, or if the plaintiff fails to file the required pretrial memorandum, the defendant may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule of Civil Procedure

5

56, no later than **March 10, 2008.**

(7)   Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **March 10, 2008.**

(8)   If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(9)   The plaintiff must provide written notice of a change of address to the Clerk and to the defendant's counsel. *See* LR 5.2(d).

(10)   The plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent order of the Court **may result in a dismissal of this case**.

The clerk of court shall send a copy of this order to the plaintiff, the defendant, and the Daviess County Attorney.

Signed on  July 6, 2007

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

6